**Ofelya MALOYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70182.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yeznik O. Kazandjian, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM ***

Ofelya Maloyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision

*** This disposition is not appropriate for publication and may not be cited to or by the

affirming the immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part.

■ Pursuant to 8 U.S.C. § 1158(a)(3), we dismiss for lack of jurisdiction Maloyan's asylum claim because the IJ determined, and the BIA affirmed, that the asylum application was untimely. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

■ We have jurisdiction under 8 U.S.C. § 1252 to review the denial of the withholding of removal and CAT claims, and we review adverse credibility determinations for substantial evidence. *See Hakeem*, 273 F.3d at 816. We conclude that substantial evidence supports the IJ's adverse credibility determination because the record reflects that Maloyan's testimony was inconsistent and implausible with regard to her fear of persecution in Armenia. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999).

Accordingly, we deny the petition for review of the withholding of removal claim because a reasonable fact finder would not be compelled to conclude that Maloyan is credible. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Maloyan's CAT claim is based on the same facts that have been found incredible, we deny the petition for review of the CAT claim. *See id.* at 1157.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.